**Stephen R. GLASSROTH, Plaintiff,**

v.

**Roy S. MOORE, Chief Justice
of the Alabama Supreme
Court, Defendant.**

**Melinda Maddox and Beverly
Howard, Plaintiffs,**

v.

**Roy Moore, in his official
capacity, Defendant.**

**No. CIV.A.01–T–1268–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 19, 2002.

J. Richard Cohen, Morris S. Dees, Jr., Rhonda Brownstein, Danielle Jeannine Lipow, Southern Poverty Law Center, Montgomery, AL, James A. Ticker, Alabama Disabilities Advocacy Program, Tuscaloosa, AL, Robert M. Weinberg, ACLU of Alabama, Montgomery, AL, William Z. Messer, Robert J. Varley, Varley & Messer, LLP, Montgomery, AL, Ayesha Khan, Americans United for Separation of Church & State, for Plaintiffs.

John J. Parks, Jr., Charles B. Campbell, Office of Atty. General Alabama State House, Montgomery, AL, for Defendant.

## FINAL JUDGMENT AND INJUNCTION

MYRON H. THOMPSON, District Judge.

In accordance with the memorandum opinion entered November 18, 2002 (Doc. no. 138), and because defendant Roy S. Moore has declined to remove the Ten Commandments monument within the 30 days allowed for him to remove it voluntarily, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion for entry of permanent injunction, filed by plaintiffs on December 6, 2002 (Doc. no. 149), is granted.

(2) Defendant Roy S. Moore, his officers, agents, servants, and employees, and those persons in active concert or participation with him who receive actual notice of this injunction, be and they are each hereby ENJOINED and RESTRAINED from failing to remove, by no later than January 3, 2003, the Ten Commandments monument at issue in this litigation from the non-private areas of the Alabama State Judicial Building. In other words, this injunction does not reach areas maintained, in good faith, as private in the Judicial Building, such as a justice's chambers.

The clerk of the court is DIRECTED to issue a writ of injunction.

Furthermore, the clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant

to Rule 58 of the Federal Rules of Civil Procedure.