Stephen R. GLASSROTH, Plaintiff,

v.

Roy S. MOORE, Chief Justice of the Alabama Supreme Court, Defendant.

Melinda Maddox and Beverly Howard, Plaintiffs,

v.

Roy Moore, in his official capacity, Defendant.

No. CIV.A. 01–T–1268–N, CIV.A. 01–T–1269–N.

United States District Court, M.D. Alabama, Northern Division.

Dec. 23, 2002.

J. Richard Cohen, Morris S. Dees, Jr., Rhonda Brownstein, Danielle Jeannine Lipow, Montgomery, James A. Tucker, Alabama Disabilities Advocacy Program, Tuscaloosa, Robert M. Weinberg, ACLU of Alabama, William Z. Messer, Robert J. Varley, Varley & Messer, LLP, Montgomery, for Stephen R. Glassroth, Beverly J. Howard, plaintiffs.

Herbert W. Titus, Troy A Titus PC, Virginia Beach, VA, D. Stephen Melchior, Deputy AG for State of Alabama, Cheyenne, WY, Phillip Jauregui, Philllip L. Jauregui, LLC, Birmingham, for Roy S. Moore, Chief Justice of the Alabmama Supreme Court, defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

On November 18, 2002, this court held that defendant Roy S. Moore, Chief Justice of the Alabama Supreme Court, violated the Establishment Clause of the First Amendment to the United States Constitution by placing a Ten Commandments monument in the rotunda of the Alabama State Judicial Building. *Glassroth v. Moore*, 229 F.Supp.2d 1290 (M.D.Ala. 2002). Chief Justice Moore was given thirty days to remove the monument voluntarily, and he failed to do so. On December 19, 2002, the court issued a perma-

nent injunction requiring the Chief Justice to remove the monument by January 3, 2003. *Glassroth v. Moore,* 242 F.Supp.2d 1067 (M.D.Ala.2002). On that same day, the Chief Justice filed a notice of appeal from that injunction. Currently before the court is the Chief Justice's motion asking that the court stay the injunction, pursuant to Fed.R.Civ.P. 62(c), while the case is pending on appeal. The motion will be granted.

Four factors inform a trial court's decision whether to stay an injunction: (1) the applicant's likelihood of prevailing on the merits of the appeal; (2) whether the applicant will suffer irreparable damage absent a stay; (3) the harm that the other parties will suffer if a stay is granted; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *United States v. Bogle,* 855 F.2d 707, 708 (11th Cir.1988). These factors, however, should not be applied as "a set of rigid rules," *Hilton,* 481 U.S. at 777, 107 S.Ct. at 2119; rather these "traditional stay factors contemplate individualized judgments in each case." *Id.* For example, when the "balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay," only a "substantial case on the merits" is necessary to satisfy the first factor. *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986).

For the reasons given in the November 18 opinion, the court does not believe that the Chief Justice has presented even a substantial case on the merits. Additionally, the Chief Justice cannot show he will suffer irreparable harm unless the injunction is stayed, because the monument can be easily returned if this court's decision is reversed. Nevertheless, the court is convinced that a stay is warranted based on the other two factors of the stay inquiry.

It is almost certain that the Eleventh Circuit Court of Appeals would grant a temporary or short stay, at the very least, in order to have adequate time to consider whether a longer stay pending appeal should be granted. To review this court's denial or grant of a stay, the appellate court would need beyond the January 3 deadline to review the record to determine, among other things, whether this court's decision that the Chief Justice does not have a substantial case for appeal is correct. Indeed, if this court were sitting as an appellate court unfamiliar with the record, the undersigned (as a member of that court) would counsel granting a temporary stay for this reason. Therefore, aside from the issue of the merits of this case, there is no realistic likelihood that the monument will be removed by January 3; this court and the parties are looking at a date beyond the January 3 deadline before the Eleventh Circuit can even determine whether a stay pending appeal is warranted. Moreover, if an expedited review on the merits is feasible, there is also a strong likelihood that the appellate court would delay reaching the merits on the stay issue and would simply address them on the final appeal.

To be sure, the plaintiffs will suffer continuing irreparable harm pending the appeal. *See Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Cate v. Oldham,* 707 F.2d 1176, 1188 (11th Cir.1983) (same). But this case does not present a circumstance where the magnitude of the harm requires the appellate court to shoot from the hip, such as a life-or-death situation or a situation where to delay a decision on relief pending appeal would leave a party without relief at all.

The court, therefore, finds that the plaintiffs', as well as the public's, main goal

of the vindication of the First Amendment through the expeditious and orderly removal of the monument would be better furthered by expeditious appellate review of the case on its merits. The plaintiffs did not seek a preliminary injunction in this court; instead, the parties and this court devoted their time and resources to expedited preparation and consideration of the merits of the case. This case was, therefore, litigated in a little over a year, including the development of a complete record, the holding of a week-long trial, and the issuance of a judgment. Moreover, the appellate record is now almost complete. There is no reason why the Eleventh Circuit, if it were to choose, could not similarly expedite its review. Toward this end, the parties should devote their immediate time and resources to an expedited appellate review of the case on the merits rather than whether a stay should be granted.

Finally, it should be repeated that the court does not discount the harm to the plaintiffs in allowing the monument to remain pending appeal of this case, nor does the court discount the public interest in having the unconstitutional actions by the Chief Justice remedied forthwith. Therefore, the court emphasizes that, upon receipt of an appellate mandate affirming this court's decision and injunction, the court will immediately lift the stay and enter another injunction, along the lines of the December 19 injunction, requiring the removal of the Ten Commandments monument within fifteen days.

According, it is ORDERED that the motion for a stay of the injunction pending appeal, filed by defendant Roy S. Moore on December 19, 2002 (Doc. no. 163), is granted.