**Stephen R. GLASSROTH, Plaintiff,**

**v.**

**Roy S. MOORE, Chief Justice of the Alabama Supreme Court, Defendant.**

**Melinda MADDOX and Beverly Howard, Plaintiffs,**

**v.**

**Roy Moore, in his official capacity, Defendant.**

**No. CIV.A.01–T–1268–NCIV.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 5, 2003.

J. Richard Cohen, Morris S. Dees, Jr., Rhonda Brownstein, Danielle Jeannine Li-

pow, Southern Poverty Law Center, Montgomery, AL, James A. Tucker, Alabama Disabilities Advocacy, Tuscaloosa, AL, for Plaintiff.

D. Stephen Melchior, Deputy AG for State of Alabama, Cheyenne, WY, Phillip Jauregui, Philllip L. Jauregui, LLC, Birmingham, AL, Herbert W. Titus, Titus Law Group, Chesapeake, VA, for Defendant.

## FINAL JUDGMENT AND INJUNCTION

MYRON H. THOMPSON, District Judge.

On November 18, 2002, this court entered an opinion and judgment holding that defendant Roy S. Moore, Chief Justice of the Alabama Supreme Court, violated the Establishment Clause of the First Amendment to the United States Constitution by placing a Ten Commandments monument in the rotunda of the Alabama State Judicial Building. *Glassroth v. Moore,* 229 F.Supp.2d 1290 (M.D.Ala. 2002). Chief Justice Moore was given thirty days to remove the monument voluntarily, and he failed to do so.

On December 19, 2002, the court issued a permanent injunction requiring the Chief Justice to remove the monument by January 3, 2003. *Glassroth v. Moore,* 242 F.Supp.2d 1067 (M.D.Ala.2002). On that same day, December 19, the Chief Justice filed a notice of appeal and moved the court to stay its injunction pending appeal. On December 23, the court granted the stay, noting that it

"does not discount the harm to the plaintiffs in allowing the monument to remain pending appeal of this case, nor does the court discount the public interest in hav-

ing the unconstitutional actions by the Chief Justice remedied forthwith. Therefore, the court emphasizes that, upon receipt of an appellate mandate affirming this court's decision and injunction, the court will immediately lift the stay and enter another injunction, along the lines of the December 19 injunction, requiring the removal of the Ten Commandments monument within fifteen days."

*Glassroth v. Moore*, 242 F.Supp.2d 1068, 1070 (M.D.Ala.2002).

On July 1, 2003, the Eleventh Circuit Court of Appeals affirmed this court's November 18 judgment that the Chief Justice violated the Establishment Clause by placing the Ten Commandments monument in the Judicial Building rotunda. *Glassroth v. Moore*, 335 F.3d 1282 (11th Cir.2003).

On July 28, before receipt of the appellate mandate, this court held a conference call to determine if the Chief Justice had asked the Eleventh Circuit to stay its mandate pursuant to Rule 41(d)(2)(A) of the Federal Rules of Appellate Procedure, which provides that, "A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court." The court scheduled the conference out of concern that the mandate might issue while the undersigned was away on a family matter. During the call, counsel for the Chief Justice indicated that, although the Chief Justice was aware of Rule 41, he had not filed such a motion.

Two days later, on July 30, the Eleventh Circuit issued its mandate, and, on August 1, this court received it. Thus, although the Chief Justice could have requested a stay of the mandate (and thereby of the injunction the court enters today) pending a request for review by the United States Supreme Court, the Chief Justice chose, for reasons not made known to this court, not to do so.

On August 4, this court held another conference call to determine if the parties had any opposition to the court carrying out the mandate and lifting its stay. Although the court had made clear in its December 23 order that the stay would be lifted immediately upon receipt of the appellate mandate, the court wanted to give all parties a final opportunity to voice any concerns. In a written response filed after the. call, the Chief Justice stated that he opposes the lifting of the stay and the issuance of an injunction "on the grounds that the Court does not have the authority or jurisdiction to enter an injunction in this case." Of course, the Chief Justice's argument has already been rejected by both this court, *Glassroth v. Moore*, 229 F.Supp.2d 1290 (M.D.Ala.2002), and the Eleventh Circuit, *Glassroth v. Moore*, 335 F.3d 1282 (11th Cir.2003). But most notably, the Chief Justice took the same stance in this court as he had in the Eleventh Circuit by not expressly asking that the stay be continued pending any effort to obtain review in the United States Supreme Court.[1]

Having found that defendant Roy S. Moore, Chief Justice of the Alabama Supreme Court, violated the Establishment Clause of the First Amendment to the

---

1. Admittedly, because the Chief Justice did not ask the Eleventh Circuit for a stay of its mandate pursuant to Rule 41 and because this court has no authority, absent extraordinary circumstances, to vary from an appellate mandate, *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985), it is debatable whether this court would have had the discretion to grant a stay even if the Chief Justice had requested one. The court need not reach this issue, however.

United State Constitution by placing a Ten Commandments monument in the rotunda of the Alabama State Judicial Building, and because the Chief Justice did not ask, either in the Eleventh Circuit or in this court, for a stay of the injunction pending application for a writ of certiorari in the Supreme Court, it is the ORDER, JUDGMENT and DECREE of the court as follows:

(1) The stay of this court's injunction, entered December 23, 2002 (Doc. no. 167), is lifted and dissolved.

(2) Defendant Roy S. Moore, his officers, agents, servants, and employees, and those persons in active concert or participation with him who receive actual notice of this injunction, be and they are each ENJOINED and RESTRAINED from failing to remove, by no later than August 20, 2003, the Ten Commandments monument at issue in this litigation from the non-private areas of the Alabama State Judicial Building. In other words, this injunction does not reach areas maintained, in good faith, as private in the Judicial Building, such as a justice's chambers.

Finally, in view of the Chief Justice's recent reassertion that this court does not have the authority or jurisdiction to enter an injunction in this case, an argument already rejected by this court and the Eleventh Circuit, this court believes it appropriate to provide the parties with some preliminary idea of the court's thinking as to how the court will proceed if later there is an allegation that today's injunction has not been complied with within the time allowed.[2] If the plaintiffs file a motion for civil contempt, the court will immediately issue a show-cause order. If, based on the show-cause-order response and the evidence presented at a hearing, there is a finding of civil contempt, the court could levy *substantial* fines against Chief Justice Moore in his official capacity and, thus, against the State of Alabama itself, until the monument is removed. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). For example, the court could levy a fine of $5,000 a day for the first week (that is, for each of the first seven days), with the amount of the fine perhaps to double at the beginning of each and every week thereafter to the extent allowed by law and with the fine amount to be paid into the court at the end of each week, until there is full compliance with the order the court enters today.

It is the initial obligation of the State of Alabama, not this court and not any federal official, to remove the monument. Because the Chief Justice accepted the monument, and has maintained it in the Alabama Judicial Building, in his capacity as a state official, it is the obligation of the State of Alabama (acting through the Chief Justice and, should he fail or be incapable of carrying out his duty under the rule of law, some other appropriate state official) to remove it. The court, at this time, does not envision a scenario in which there would be an opportunity for any physical confrontation between federal and state officials or between federal officials and anyone else. If called upon, this court intends, at this time, to achieve

---

**2.** These preliminary thoughts are just that: preliminary and only thoughts. What action, if any, the court will actually take in the event of non-compliance will be decided after the court has reviewed the evidence and heard from all parties.

compliance by first exhausting the traditional civil-contempt process of levying fines.

The clerk of the court is DIRECTED to issue a writ of injunction.

The United States Marshall is DIRECTED to serve personally a copy of this final judgment and injunction on defendant Roy S. Moore, Chief Justice of the Alabama Supreme Court, and on the following additional state officials: the Governor of the State of Alabama, the Attorney General of the State of Alabama, the Treasurer of the State of Alabama, the Comptroller of the State of Alabama, and the Alabama Administrative Director of Courts.

Furthermore, the clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### ORDER

It is ORDERED that the United States Marshall personally serve a copy of the court's final judgment and injunction and companion writ, entered on August 5, 2003 (Doc. nos. 226 & 227), on each of the eight Associate Justices of the Alabama Supreme Court and on the Clerk of the Alabama Supreme Court. In its final judgment and injunction, the court inadvertently omitted requiring service on these state officials.