Kelly McGINLEY, et al., Plaintiffs,

v.

Gorman HOUSTON, Senior Associate Justice of the Alabama Supreme Court, et al., Defendants.

No. CIV.A. 03–T–0895–N.

United States District Court, M.D. Alabama, Northern Division.

Sept. 4, 2003.

Brian R. Chavez–Ochoa, Valley Springs, CA, Jim Zeigler, Mobile, AL, for Plaintiffs.

John J. Park, Jr., Charles B. Campbell, Office of the Attorney General, Montgomery, AL, for Defendants.

## OPINION

MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiffs Kelly McGinley, Richard C. Dorley, and Debra Giles charge that the Associate Justices of the Alabama Supreme Court unconstitutionally established a religion of "nontheistic beliefs" when they removed a monument depicting the Ten Commandments from

the rotunda of the Alabama State Judicial Building. The plaintiffs name as defendants Senior Associate Justice Gorman Houston and Associate Justices Harold See, Champ L. Lyons, Jr., Jean Williams Brown, Douglas Inge Johnstone, Robert Bernard Harwood, Jr., Lyn Stuart, and Thomas A. Woodall. This suit is brought pursuant to the Establishment Clause of the First Amendment to the United States Constitution, the terms of which are made binding upon the States by the Fourteenth Amendment, and which is enforced through 42 U.S.C.A. § 1983. The jurisdiction of this court is properly invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

This lawsuit is now before this court on the defendants' motion to dismiss. For the reasons that follow, this motion will be granted.

### I.

In considering the defendants' motion to dismiss, the court accepts the plaintiffs' allegations as true, Fed.R.Civ.P. 12(b); *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in the plaintiffs' favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This lawsuit may not be dismissed unless the plaintiffs can prove no set of facts supporting the relief requested. *Id.; Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).

### II.

The granite monument which the plaintiffs seek to have the Associate Justices return to the rotunda of the Alabama State Judicial Building has been the subject of significant public attention and litigation in this and other courts. The court will assume that the reader is familiar with that history, as set forth in *Glassroth v. Moore*, 229 F.Supp.2d 1290 (M.D.Ala.2002), *aff'd, Glassroth v. Moore*, 335 F.3d 1282 (11th Cir.2003), *recall of mandate denied, In re Roy Moore*, —— U.S. ——, 124 S.Ct. 30,

156 L.Ed.2d 692, 2003 WL 21978095 (2003); *Glassroth v. Moore*, 275 F.Supp.2d 1347 (M.D.Ala.2003); and *Glassroth v. Moore*, 278 F.Supp.2d 1274 (M.D.Ala. 2003), and will recount it only briefly here.

On July 31, 2001, Chief Justice Roy Moore of the Alabama Supreme Court installed a 5,280–pound monument in the public rotunda of the Alabama State Judicial Building. The top of the monument displays the Ten Commandments as found in the King James version of the Bible.

Three attorneys who practice law in Alabama courts brought suit against Chief Justice Moore, claiming that the Ten Commandments monument constituted an impermissible government establishment of religion. On November 18, 2002, this court entered judgment in their favor, holding that the Chief Justice's action violated the First and Fourteenth Amendments. *Glassroth v. Moore*, 229 F.Supp.2d 1290 (M.D.Ala.2002). The Eleventh Circuit upheld this court's ruling in July 2003. *Glassroth v. Moore*, 335 F.3d 1282 (11th Cir.2003).

On August 5, 2003, in accordance with the Eleventh Circuit mandate, this court entered an injunction requiring that the monument be removed from the public areas of the Judicial Building by August 20. *Glassroth v. Moore*, 275 F.Supp.2d 1347 (M.D.Ala.2003). In the August 5 injunction, this court stated that "it is the obligation of the State of Alabama (acting through the Chief Justice and, should he fail or be incapable of carrying out his duty under the rule of law, some other appropriate state official) to remove [the monument]." *Id.* at 1349. In addition to Chief Justice Moore, the August 5 injunction was served upon the eight Associate Justices, the Governor and Attorney General of Alabama, and other state officials. *Id.* at 1350.

Chief Justice Moore failed to comply with this court's injunction by the required August 20 date. Pursuant to their obligation to comply with this court's injunction, the eight Associate Justices then ordered the building manager to remove the monument. *In the Matter of Compliance,* etc., Order No. 03–01 (Ala.2003).[1]

On August 27, the monument was moved from the rotunda of the Judicial Building into a private storage room.

### III.

■ In their complaint, the plaintiffs attempt to state two claims. In count one, they claim that the Associate Justices' removal of the Ten Commandments monument from the rotunda of the Alabama State Judicial Building constitutes an impermissible endorsement of "the religion of nontheistic beliefs by the state."[2] In count two, they claim that the removal "creates hostility against religion by the government pitting and favoring the religion of nontheistic beliefs over the Judeo–Christian Faith."[3] Each of these counts fails to state a claim upon which relief may be granted.

■ The Establishment Clause provides that government "shall make no law respecting an establishment of religion." To survive an Establishment Clause challenge, (1) a state action must have a secular purpose, (2) its principal effect must be one that neither advances nor inhibits religion, and (3) it must not foster excessive government entanglement with religion. *Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971). The question the plaintiffs present is whether the defendants, by removing the Ten Commandments monument from the rotunda of the Judicial Building in compliance with this court's August 5 injunction, violated the Establishment Clause.

The plaintiffs argue that, by removing the monument, the defendants are "establishing a religion in violation of the Establishment Clause ... [which is] the religion of nontheistic beliefs."[4] The plaintiffs define "the religion of nontheistic beliefs" as a set of beliefs that holds "every individual is a god unto himself" and that "no one god is sovereign."[5] According to the plaintiffs, the symbol of "nontheism" is empty space:

> "The nontheistic religion is already established within the Alabama State Judicial Building in that next to the monument was a void space or 'nothing.' This nothing was and is, in reality, the monument of the nontheistic religion, and up to and until August 27, 2003 coexisted peacefully with the Ten Commandments Monument. Now the Ten Commandments Monument has been removed; the only remaining alter [sic] is the 'nothing' void that represents the religion of nontheistic beliefs."[6]

The plaintiffs thus allege that the "void space or 'nothing'" in the rotunda consti-

---

1. According to the defendants, "many, if not all," of the Associate Justices believe that it is constitutional for the Ten Commandments to be displayed in courthouses; they ordered the monument removed for the sole purpose of complying with this court's August 5 injunction. Defendants' brief in support of motion to dismiss, filed Aug. 29, 2003 (Doc. No. 13), at 2.

2. Plaintiffs' complaint, filed Aug. 28, 2003 (Doc. No. 1), at 8.

3. *Id.* at 9.

4. Plaintiffs' complaint, filed Aug. 28, 2003 (Doc. No. 1), at 3.

5. Plaintiffs' memorandum in support of motion for temporary restraining order, filed Aug. 28, 2003 (Doc. No. 6), at 4.

6. *Id.* at 6.

tutes a government establishment of the religion of "nontheistic belief." [7]

The plaintiffs' argument that an "empty space" or "nothingness" constitutes an endorsement of religion rather than religious neutrality is self-evident sophistry (that is, an obvious play on words to prove an untenable proposition), and probably does not merit further discussion. Nevertheless, to assure the plaintiffs that their argument has received full consideration under the law, the court will address their argument within the context of binding Supreme Court and other appellate case law. The Supreme Court and the Eleventh Circuit Court of Appeals have held that state officials must remove objects erected or displayed in violation of the three-part *Lemon* test articulated above. *County of Allegheny v. ACLU Greater Pittsburgh Chapter*, 492 U.S. 573, 602, 109 S.Ct. 3086, 3105, 106 L.Ed.2d 472 (1989) (holding that display of a crèche endorsing a "patently Christian message" must be enjoined); *Stone v. Graham*, 449 U.S. 39, 39, 101 S.Ct. 192, 193, 66 L.Ed.2d 199 (1980) (per curiam) (holding that Kentucky statute requiring the posting of Ten Commandments in classrooms violated the Establishment Clause and must be enjoined); *Glassroth v. Moore*, 335 F.3d 1282 (11th Cir.2003) (affirming this court's order that the same Ten Commandments monument at issue here be removed from the rotunda of the Alabama State Judicial Building); *ACLU of Georgia v. Rabun County Chamber of Commerce, Inc.*, 698 F.2d 1098, 1111 (11th Cir.1983) (holding that a large, lighted Roman cross on state park property must be removed).

For this court now to hold that the removal of such objects to cure an Establishment Clause violation would itself violate the Establishment Clause would not only result in an inability to cure an Establishment Clause violation and thus "totally eviscerate the establishment clause," *Smith v. Bd. of Sch. Comm'rs*, 827 F.2d 684, 693 n. 9 (11th Cir.1987), it would also constitute a holding by this court that these Supreme Court and Eleventh Circuit holdings are unconstitutional and invalid.[8] This trial court, obviously, does not sit to pass on the correctness or invalidity of

---

**7.** It is not necessary to determine whether "nontheistic belief" is a religion. As the Eleventh Circuit has stated:

> "The Supreme Court has never established a comprehensive test for determining the 'delicate question' of what constitutes a religious belief for purposes of the first amendment, and we need not attempt to do so in this case, for we find that, even assuming that secular humanism is a religion for purposes of the establishment clause, Appellees have failed to prove a violation of the establishment clause."

*Smith v. Board of Sch. Comm'rs*, 827 F.2d 684, 689 (11th Cir.1987).

**8.** The plaintiffs admit that, if the court were to adopt their legal argument, the Associate Justices would have to accept comparable religious displays from all religions, and thereby essentially turn the rotunda of the Alabama Judicial Building into a potpourri of religious icons. In discussing the plaintiffs' motion for temporary restraining order (which was later denied), the following exchange occurred:

> "THE COURT: Would [your argument] mean that every religious group that comes in and requested a monument of its faith be put in the building [would have to be accommodated]?"
>
> "MR. CHAVEZ–OCHOA [plaintiffs' counsel]: Under the First and Fourteenth, I agree that it would be."

The plaintiffs overlook that the Chief Justice was adamant that no other objects be placed near the monument because they would " 'diminish the very purpose of the Ten Commandments monument.' " *Glassroth v. Moore*, 335 F.3d 1282, 1284 (11th Cir.2003) (citing *Glassroth v. Moore*, 229 F.Supp.2d 1290, 1297 (M.D.Ala.2002)). Moreover, this court is unaware of any law that requires non-public forums (such as the rotunda of the Alabama Judicial Building, *Glassroth*, 229 F.Supp.2d at 1303), be turned into public forums.

these holdings; to the contrary, this court is bound by those holdings, whether, in this court's view, they are right or wrong. Therefore, and for this reason, this court must reject the plaintiffs' argument that the removal of the Ten Commandments monument as required by Supreme Court and Eleventh Circuit law constitutes an impermissible endorsement of religion.

In addition, "[the Supreme] Court has made clear that the neutrality mandated by the establishment clause does not itself equate with hostility towards religion." *Smith*, 827 F.2d at 692. It does not "accept that the concept of neutrality, which does not permit a State to require a religious exercise even with the consent of the majority of those affected, collides with the majority's right to free exercise of religion." *Sch. Dist. v. Schempp*, 374 U.S. 203, 225–26, 83 S.Ct. 1560, 1573, 10 L.Ed.2d 844 (1963). To hold that the government cannot endorse religion does not "manifest a governmental hostility to religion or religious teachings ... [T]he First Amendment rests upon the premise that both religion and government can best work to achieve their lofty aims if each is left free from the other within its respective sphere." *Illinois ex rel. McCollum v. Board of Ed.*, 333 U.S. 203, 211–12, 68 S.Ct. 461, 465, 92 L.Ed. 649 (1948). Put another way,

> "It has been argued that to apply the Constitution in such a way as to prohibit state laws respecting an establishment of religious services ... is to indicate a hostility toward religion or toward prayer. Nothing, of course, could be more wrong.... It is neither sacrilegious nor antireligious to say that each separate government in this country should stay out of the business of writing or sanctioning official prayers and leave that purely religious function to the people themselves."

*Engel v. Vitale*, 370 U.S. 421, 433–35, 82 S.Ct. 1261, 1268–69, 8 L.Ed.2d 601 (1962).

The plaintiffs' claims are similar to those rejected by the Eleventh Circuit Court of Appeals in *Smith v. Board of School Commissioners*, 827 F.2d 684 (11th Cir.1987). In that case, the plaintiffs argued that the use of certain textbooks in Alabama schools constituted an establishment of the religion of "secular humanism" because the textbooks "required students to accept as true certain tenets of humanistic psychology," *id.* at 690, and "failed to include a sufficient discussion of the role of religion in history and culture." *Id.* at 693. The Eleventh Circuit concluded that, even assuming secular humanism was a religion, the textbooks were not unconstitutional because "[t]he message conveyed by these textbooks with regard to theistic religion is one of neutrality: the textbooks neither endorse theistic religion as a system of belief, nor discredit it." *Id.* at 692.

Similarly, in this case, the empty space or "nothingness" in the rotunda of the Judicial Building is neither an endorsement of "nontheistic belief," nor a sign of disrespect for Christianity or any other religion; rather, it demonstrates governmental neutrality toward religion. Put in terms of the three-part *Lemon* test, the Associate Justices' removal of the monument did not have a non-secular purpose; the lack of a monument does not have the effect of endorsing a religion; nor does the absence of a monument involve any government entanglement with religion. Therefore, the removal of the Ten Commandments monument does not constitute an establishment of religion.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the

court that the motion to dismiss filed by defendants on August 29, 2003 (doc. no. 12), is granted, and this case is dismissed with prejudice.

It is further ORDERED that the plaintiffs' motion for preliminary injunction, filed August 28, 2003 (doc. no. 4), is denied as moot.

It is further ORDERED that costs are taxed against plaintiffs, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.