[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2004
THOMAS K. KAHN
CLERK

No. 03-15005
Non-Argument Calendar
_____

D. C. Docket No. 93-00895-CV-T-N

KELLY MCGINLEY,
RICHARD C. DORLEY,
DEBRA GILES,

Plaintiffs-Appellants,

versus

GORMAN HOUSTON,
Senior Associate Justice of the
Alabama Supreme Court,
HAROLD SEE,
Associate Justice of the
Alabama Supreme Court,
CHAMP LYONS, JR.,
Associate Justice of the
Alabama Supreme Court,
JEAN WILLIAMS BROWN,
Associate Justice of the
Alabama Supreme Court,
BERNARD HARWOOD,
Associate Justice of the
Alabama Supreme Court, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(March 5, 2004)**

Before BIRCH, DUBINA and GODBOLD, Circuit Judges.

PER CURIAM:

This suit arises from the removal of a monument depicting the Ten Commandments from the rotunda of the Alabama State Judicial Building in Montgomery, Alabama. Appellants brought suit against the Associate Justices of the Alabama Supreme Court under the Establishment Clause of the First Amendment to the United States Constitution, made binding upon the States by the Fourteenth Amendment and enforced through 42 U.S.C. §1983 . The appellants alleged that the appellees had violated the Establishment Clause by ordering the removal of the monument. The United States District Court for the Middle District of Alabama granted appellees' motion to dismiss, holding that as a matter of law the removal of the Ten Commandments monument did not constitute an establishment of religion, therefore the appellants could not prove a set of facts that would support the relief requested. Appellants now appeal, alleging first, that the district court erred in dismissing the case on the ground that the court was bound

2

by Glassroth v. Moore, 229 F.Supp.2d 1290 (M.D. Ala. 2002) and, second, that the removal of the Ten Commandments monument violated the Establishment Clause by favoring "a nontheistic religion/faith". Neither ground has merit. We affirm.

We review de novo a district court's order granting a motion to dismiss. Lotierzo v. A Woman's World Medical Center, Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). "All well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts are taken as true." Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992). Thus, "'unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

As noted by the district court, the Ten Commandments monument has been the subject of significant public attention and litigation. This court will assume that the reader is familiar with that history, as set forth in Glassroth v. Moore, 229 F.Supp.2d 1290 (M.D. Ala. 2002), aff'd, Glassroth v. Moore, 335 F.3d 1282 (11th Cir. 2003), recall of mandate denied, In re Roy Moore, 124 S.Ct. 30, 2003 WL 21978095 (Aug. 20, 2003); Glassroth v. Moore, 275 F.Supp.2d 1347 (M.D. Ala. 2003); and Glassroth v. Moore, 278 F.Supp.2d 1272 (M.D. Ala. 2003). Thus we

3

will only briefly recount it here.

On July 31, 2001, Chief Justice Moore of the Alabama Supreme Court installed in the public rotunda of the Alabama State Judicial Building a 5,280-pound monument depicting the Ten Commandments. Three attorneys who practice law in Alabama courts brought suit against Moore claiming that the monument constituted an impermissible establishment of religion.

The district court held that the Chief Justice's action violated the First and Fourteenth Amendments. Glassroth v. Moore, 229 F.Supp.2d 1290 (M.D. Ala. 2002). This court affirmed. Glassroth v. Moore, 335 F.3d 1282 (11th Cir. 2003). In accordance with our decision the district court entered an injunction requiring that the monument be removed from the public areas of the Judicial Building. Glassroth v. Moore, 275 F.Supp.2d 1347 (M.D. Ala. 2003). The district court noted that "it is the obligation of the State of Alabama (acting through the Chief Justice and, should he fail or be incapable of carrying out his duty under the law, some other appropriate state official) to remove [the monument]." Id at 1349. Moore failed to comply with the federal injunction, and the eight associate justices, the appellees in this case, complied with the court's injunction and ordered the monument removed. In the Matter of Compliance, etc., Order No. 03-01 (Ala. 2003).

4

The appellants, who were not parties in <u>Glassroth</u>, 229 F.Supp.2d 1290 and its progeny then brought this case, alleging two counts: (1) the appellees' removal of the Ten Commandments monument constituted an impermissible endorsement of the "religion of nontheistic belief by the state," and (2) the removal "creates hostility against religion by the government pitting and favoring the religion of nontheistic beliefs over the Judeo-Christian faith." The appellants sought an injunction to compel the appellees to return the monument to the rotunda of the Alabama State Judicial Building. The district court granted appellees' motion to dismiss, finding that neither count states a claim upon which relief may be granted.

There are two issues on appeal. First, whether the trial court correctly found that this court's ruling in <u>Glassroth v. Moore</u>, 335 F.3d 1282 (11th Cir. 2003) controls and frames the analysis of the issues presented in this case, thus, requiring that the present case be dismissed with prejudice. Second, whether the removal of the Ten Commandments monument violated the Establishment Clause, and thus discriminated against "the Christian-Judeo faith" in favor of establishing "a nontheistic religion/faith".

Stare Decisis

The United States federal legal system is structured as a common law system. This system embodies the rule of stare decisis that "courts should not

5

lightly overrule past decisions . . ." Moragne v. States Marine Lines, Inc., 398 U.S. 375, 403 (1970) because "[s]tability and predictability are essential factors in the proper operation of the rule of law." Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

The rule of law requires "fair and expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments." Moragne, 398 U.S. at 403. The Eleventh Circuit follows the absolute rule of the Fifth Circuit that "a prior decision of the circuit (panel or en banc) [cannot] be overruled by a panel but only by the court sitting en banc." Bonner, 661 F.2d at 1209.

In cases involving questions of federal law the doctrine of stare decisis also implicates the binding nature of decisions rendered by one federal court over another. The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions. 18-134 MOORE'S FEDERAL PRACTICE – CIVIL §134.02 (Matthew Bender & Co., Inc. 2003). A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts. Id.

6

In this case, the appellants sought to return the Ten Commandments monument to the rotunda of the Alabama State Judicial Building in Montgomery, Alabama. District Judge Myron Thompson, who presided over the present case, had also presided over Glassroth, 229 F.Supp.2d 1290 (affirmed by Glassroth, 335 F.3d 1282), Glassroth, 275 F.Supp.2d 1347), and Glassroth, 278 F.Supp.2d 1272. In these previous cases, he had correctly found that the Ten Commandments monument violated the Establishment Clause and, in accordance with this court's affirmance, he ordered the monument removed. The appellants, by asking the district court to mandate the return of the Ten Commandments monument, seek to accomplish two things. First, they seek to compel Judge Thompson to ignore his prior rulings and to defy this court's ruling that the Ten Commandments monument violated the Establishment Clause. Second, they seek to collaterally attack the decisions rendered by both the district court and this court by attempting to effectively overturn the decisions rendered in Glassroth v. Moore, 229 F.Supp.2d 1290 and its progeny. This attack is in violation of prior decisions and is not open to the appellants, and the district court held accordingly.

Establishment Clause

The Establishment Clause provides that government "shall make no law respecting an establishment of religion." U.S. CONST. amend. I. By this the

7

Establishment Clause seeks "to afford protection [against] 'sponsorship, financial support, and active involvement of the sovereign in religious activities.'" <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 612 (1971). The Supreme Court has established a three-tier test to be used in determining whether a state action violates the Establishment Clause. <u>Id</u>. "[A] statute or practice which touches upon religion, if it is to be permissible under the Establishment Clause, must [1] have a secular purpose; [2] it must neither advance nor inhibit religion in its principal or primary effect; and [3] it must not foster an excessive entanglement with religion." <u>County of Allegheny v. Am. Civil Liberties Union Greater Pittsburgh Chapter</u>, 492 U.S. 573, 592 (1989).

In this case the appellants contend that the removal of the Ten Commandments monument created empty space, and that this empty space violates the Establishment Clause because it is an endorsement of religion, or in this instance, nontheism. This argument is without merit. If the appellants were correct in their assertion an Establishment Clause violation could never be cured because every time a violation is found and cured by the removal of the statute or practice that cure itself would violate the Establishment Clause by leaving behind empty space.

As this court noted in <u>Smith v. Bd. of School Comm'rs of Mobile County</u>,

8

"[t]he Supreme Court has never established a comprehensive test for determining the 'delicate question' of what constitutes a religious belief for purposes of the first amendment . . . ." 827 F.2d 684, 689 (11th Cir. 1987). Moreover, neither the Supreme Court nor this court has determined that "secular humanism is a religion for purposes of the establishment clause." Id. The argument used by the appellants is similar to the one used by the appellees in Smith, 827 F.2d 684. In that case, appellees contended that if school prayer violated the Establishment Clause, then all mention of 'secular humanism', must be stricken from the school textbooks. Id at 688. They sought to exclude home economics textbooks from the curriculum because the books "impl[ied] strongly that a person uses the same process in deciding a moral issue that he uses in choosing one pair of shoes over another . . ." Id at 690-1, and in choosing history and social science textbooks because the "books failed to include a sufficient discussion of the role of religion in history and culture." Id at 693. This court, without finding that "secular humanism is a religion for purposes of the establishment clause," Id at 689, held that these textbooks do not violate the Establishment Clause because their purpose is purely secular and the Establishment Clause does not require "equal time" for religion. Id at 694-5.

The district court correctly found that it was bound by the rulings in

9

Glassroth, 229 F.Supp.2d 1290 and its progeny; therefore its dismissal with prejudice must be affirmed, and it correctly held that the removal of the Ten Commandments monument neither violates the Establishment Clause nor discriminates against "the Christian-Judeo Faith" in favor of establishing "a nontheistic religion/faith." The judgment of the district court is AFFIRMED.