[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13675
Non-Argument Calendar

_____

D. C. Docket No. 02-00037-CV-OC-10-GRJ

DANIEL CHARLES FOLAN,

Petitioner-Appellant,

versus

JAMES MCDONOUGH, Secretary Department of
Corrections,
BILL MCCOLLUM,

Respondents-Appellees.

_____

No. 06-14391
Non-Argument Calendar

_____

D. C. Docket No. 02-00037-CV-OC-10-GRJ

DANIEL CHARLES FOLAN,

Petitioner-Appellant,

versus

JAMES MCDONOUGH, Secretary Department of
Corrections,
BILL MCCOLLUM,

                                    Respondents-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(April 4, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Daniel Charles Folan, a Florida prisoner proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2254 petition as time-barred. We issued a certificate of appealability on the following question: "Whether the district court erred in finding that the appellant was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) of the one-year limitations period to file a 28 U.S.C. § 2254 petition for the time that his untimely Fla. R. Crim. P. 3.850 motion was pending."

Folan filed his first state post-conviction relief motion in May 1995. That

2

motion, while timely, was denied. The Fifth District Court of Appeals in Florida affirmed the denial and issued a mandate to that effect on September 21, 1999. That motion successfully tolled the one-year limitations period until the mandate was issued. Accordingly, Folan had until September 22, 2000, a year after the mandate was issued, to "properly file" either another tolling motion or a § 2254 petition. Folan filed a second Rule 3.850 motion on July 10, 2000. The state court determined that this second motion, filed beyond the two-year limitations period under Rule 3.850(b), was untimely because it did not satisfy any of the exceptions to the timely filing requirement. Alternatively, the state court found that the motion was legally insufficient because claims of ineffective assistance of post-conviction counsel are not a valid basis for post-conviction relief. Accordingly, that motion was denied, and on January 25, 2002, the Fifth District Court of Appeals in Florida affirmed the denial and denied rehearing on the matter. Folan then filed a federal habeas petition on February 6, 2002. The district court denied that petition as untimely, finding that Folan's second Rule 3.850 motion did not toll the one-year period. This appeal followed.

"We review de novo the district court's determination that the petition for federal habeas corpus relief was time-barred under section 2244(d)." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The Anti-Terrorism and Effective

3

Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d), imposes a one-year period of limitation on habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Petitioners whose convictions became final prior to the AEDPA's effective date of April 24, 1996, as here, had until April 23, 1997, to file their habeas petitions. See Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1314 (11th Cir. 2006). The time limitation is statutorily tolled, however, during the time when a "properly filed" application for state post-conviction relief or other collateral relief is pending. See 28 U.S.C. § 2244(d)(2).

While the AEDPA does not define the term "properly filed," the Supreme Court has held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811–12 (2005). Accordingly, the Supreme Court concluded that "[w]hen a post conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414, 125 S. Ct. at 1812 (quotation and alteration omitted).

Our circuit has also ruled that an untimely motion for post-conviction relief is not "properly filed" and does not toll the one-year period. Sweet, 467 F.3d at 1318. We further noted that it is of no consequence that the state court

4

alternatively denied the motion on the merits. Id. (noting that "when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims"). Therefore, there is no question that Folan's § 2254 petition was not "properly filed," as the Florida courts expressly found his second Rule 3.850 motion to be untimely, meaning the second motion did not toll the one-year period.

Folan does not dispute that this is the law. He claims instead that these two cases—Pace and Sweet—should not apply to his appeal because they were decided after the district court denied his § 2254 petition. He argues that the law of the case doctrine and stare decisis give him a right to rely on the law as it existed when the district court dismissed his petition. But this argument misunderstands both doctrines.

The law of the case doctrine precludes courts from revisiting issues that were explicitly decided, or decided by necessary implication, in a prior appeal. Here we are not revisiting an issue we have already decided, either explicitly or by necessary implication. We are simply applying the law as it currently stands. There is nothing to prevent us from relying on binding circuit and Supreme Court

5

precedent here, even if the district court did not have the benefit of those cases in reaching its decision. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 543–44 (3d Cir. 2006) (applying a Supreme Court decision decided after the district court rendered its decision); Reardon v. United States, 947 F.2d 1509, 1518 (1st Cir. 1991) (same).

Additionally, Folan's stare decisis argument fails. Stare decisis requires that we "not lightly overrule past decisions." McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004). Here, there was no binding decisional law directly on point at the time the district court dismissed Folan's petition. The doctrine of stare decisis does not mandate that a court adhere to the status quo when there is no law on point; it merely prohibits a court from lightly ignoring clearly established, precedential decisions. Here, there was no precedent on this issue at the time the district court ruled, but we do not violate stare decisis now by applying the subsequent, precedential decisions of Sweet and Pace.

As a final matter, we note that we will not consider Folan's argument, raised for the first time on appeal, that he is entitled to equitable tolling because he first filed a § 2254 petition on August 31, 2000—within the limitations period. This argument is outside the scope of the COA and, therefore, beyond our review. Grossman v. McDonough, 466 F.3d 1325, 1335 (11th Cir. 2006).

**AFFIRMED.**