[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14065
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00667-MAP


WALTER E. CLARK,

                                                    Plaintiff-Appellant,

versus

PINELLAS COUNTY COMMISSION,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Walter Clark, proceeding *pro se*, appeals the dismissal of his amended complaint against Pinellas County (the County) alleging, in relevant part, a violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*[1]  After review,[2] we affirm.

Clark's lawsuit arose out of the dismissal of a housing discrimination complaint he filed with the Pinellas County Office of Human Rights (PCOHR) against Treasure Village Mobile Home Park, its owner William Jackson, and its manager Wayne Greenfield (collectively, Treasure Village).  Clark, who is African American, formerly resided at Treasure Village.  When Clark's sewer line broke, it was not repaired until he complained to the St. Petersburg City Code Enforcement Department.  Clark, attributing the delay to race-based discrimination, submitted a complaint to the United States Department of Housing and Urban Development. The complaint was referred to the PCOHR and, after investigation, dismissed. Clark appealed, but the PCOHR stood by its decision.

Clark subsequently filed suit in the United States District Court for the Middle District of Florida.  Count one of Clark's amended complaint alleges the

---

[1] Clark also filed a document styled "Motion to Take Judicial Notice," requesting that this Court take judicial notice of certain exhibits filed before the district court, as well as the entire record of the proceedings before the Pinellas County Office of Human Rights. Clark's motion is denied.  We note, however, that the exhibits filed in the district court are already part of the record on appeal.

[2] We review the grant of a motion to dismiss for failure to state a claim de novo. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).

PCOHR aided in Treasure Village's retaliation against him in violation of the FHA by improperly dismissing his complaint instead of entering a default judgment against Treasure Village.  It also contains two state law claims.  The parties consented to the jurisdiction of the magistrate judge, who dismissed Clark's amended complaint upon the County's motion.  On appeal, Clark asserts the magistrate judge erred because the exhibits attached to his pleadings support a reasonable inference of retaliation under the FHA.

The magistrate judge correctly dismissed Clark's FHA claim because neither the amended complaint nor the relevant exhibits[3] support a reasonable inference of liability for retaliation under the FHA.  The FHA's anti-retaliation provision states that it is unlawful "to coerce, intimidate, threaten, or interfere with any person ... on account of his having exercised or enjoyed ... any right granted or protected by [the FHA]." 42 U.S.C. § 3617.  Clark asserts the PCOHR's dismissal of his complaint is an act of retaliation.  The record does not support his position.  Instead, the record reflects the PCOHR dismissed Clark's complaint because it concluded after investigation that the complaint lacked merit.  Clark also contends the PCOHR ought never to have proceeded through the investigation because the PCOHR was required to enter a default judgment in his favor.  Again, we disagree.

---

[3] Clark also contends the magistrate judge erred by failing to consider the exhibits attached to his original and amended complaints.  We need not decide whether the magistrate judge was required to consider the documents attached to Clark's original complaint because nothing in those exhibits supports a reasonable inference of retaliation in violation of the FHA.

The correspondence attached to Clark's amended complaint states that failure to provide an answer within fourteen days "*may* lead to an entry of default"—not that it shall.  Because the facts contained in Clark's amended complaint and the relevant exhibits fail to support a reasonable inference that the County is liable for unlawful retaliation, we affirm the magistrate judge's dismissal of his FHA claim. [4]

**AFFIRMED.**

---

[4] Clark does not argue on appeal that the magistrate judge erred in declining to exercise supplemental jurisdiction over his state law claims, and therefore, has waived review of that issue. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).