[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14952
Non-Argument Calendar

_____

D. C. Docket No. 02-02801-CV-B-S

DANIEL LAMBERT,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF YOUTH SERVICES,

Defendant-Appellee,

BOARD OF DIRECTORS OF DEPARTMENT OF YOUTH
SERVICES, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 21, 2005)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Daniel Lambert, an African-American male, appeals pro se the dismissal without prejudice of his civil action alleging wrongful discharge on the basis of race, racial harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5. Lambert argues on appeal that the district court improperly dismissed his complaint for having alleged discriminatory acts differing from those presented to the Equal Employment Opportunity Commission (EEOC) in his original administrative charge of discrimination. For the reasons set forth more fully below, we affirm.

Lambert, proceeding pro se below, sued his former employer, the Alabama Department of Youth Services, and several individuals, alleging racial discrimination, harassment, intimidation, and retaliation under Title VII, 42 U.S.C. § 2000e-5.[1] Specifically, Lambert, a former Youth Services Aide, alleged in his complaint that his supervisor was requiring him to strip and wax floors, which was not part of his job description, and that, if he failed to do so, it would be reflected in a lower evaluation. He further alleged that the sick leave policy was being

---

[1] The case styling of the action was later amended to reflect that liability could be asserted only against Lambert's employer, Alabama Department of Youth Services, rather than any individual defendants. Thus, the defendant is referred to as "the state" in this opinion.

2

applied against him in a discriminatory fashion because he was required, on one occasion, to provide a doctor's letter excusing a sick day. Lambert sought compensatory, punitive, and any other damages the court deemed feasible. Included with his complaint was, inter alia, a notice of right to sue letter issued by the EEOC on August 30, 2002.

The state responded by filing a motion to dismiss the complaint for, inter alia, failure to exhaust administrative remedies. It argued that Lambert's charge of discrimination, filed with the EEOC on July 12, 2002, alleged only that Lambert had been suspended for being disruptive and had been transferred to a less desirable shift. The "charge of discrimination" was attached, and alleged that, on June 20, 2002, Lambert was "suspended for one day" for being disruptive, and that, on June 22, 2002, Lambert was transferred to a "less desirable shift." Because Lambert's complaint mentioned issues concerning his sick leave and being required to wax and strip floors, the state argued that the district court had no jurisdiction over the complaint because the allegations of the complaint were unrelated to the charge of discrimination filed with the EEOC.

Lambert objected to the state's motion, but did not address the failure to exhaust argument directly. Instead, he argued that his complaint should have been construed as defective and that he should be given the opportunity to amend it.

3

Lambert further argued that the complaint should not be dismissed because there were justiciable and valid issues to address. He also filed a motion for judgment by default, and included with that motion another right to sue letter issued by the EEOC on March 17, 2003. The state's motion was denied, based in part on the March 17, 2003, letter, which the magistrate said suggested at least some additional EEOC action since Lambert's June 2002 complaint, and the requirement that Lambert's pro se complaint be construed liberally.

Lambert then amended his complaint, including the same claims as before regarding sick leave and the stripping and waxing of floors, and adding a claim alleging that the state violated his First Amendment rights when it retaliated against him for speaking out on a matter of public concern. Specifically, Lambert alleged that he was terminated for complaining that the "Thomasville facility" was out of compliance with the "A.W. Consent Decree," and for ordering someone to retrieve a nurse to attend to a sick student whom his supervisor believed was "faking it." Several months later, an attorney entered an appearance on Lambert's behalf.

In response to Lambert's amended complaint, the state filed a renewed motion to dismiss the complaint, arguing that (1) the substance of Lambert's complaint did not match the allegations of the charge of discrimination filed with

4

the EEOC, and (2) in any event, the March 17, 2003, letter was not a "Right to Sue" letter from the Attorney General, but rather a simple determination letter from the EEOC, and the state argued that Lambert, therefore, had failed to plead a jurisdictional requirement of 42 U.S.C. § 2000e-5(f)(1). Attached were the March 17, 2003, "notice of suit rights," referencing Charge No. 130 A30 0993, and the July 12, 2002, "charge of discrimination" filed with the EEOC and referencing Charge No. 130A202606. Lambert was informed that he had one week to respond.

A magistrate then issued a report and recommendation and, after noting that Lambert failed to respond to the state's renewed motion to dismiss, found that the only EEOC charge that it was aware of was the one alleging that Lambert was suspended for being disruptive and assigned to a less desirable shift. Because those charges were different from the ones raised in Lambert's amended complaint, and there was no evidence that the allegations in that complaint were raised in a separate EEOC charge, the magistrate recommended dismissing the complaint without prejudice for failure to exhaust remedies. The district court adopted the magistrate's recommendation and dismissed the case without prejudice on July 29, 2004. However, three days earlier, Lambert had filed a motion to set aside the judgment and reinstate the case because of his attorney's inadequate representation and failure to lodge objections to the magistrate's report. A magistrate granted the

5

motion for the limited purpose of permitting Lambert to file objections to the report.

Lambert then filed objections, requesting leniency regarding his complaint due to his pro se status and arguing that he had complied with Fed.R.Civ.P. 8(a)(1). He further argued that 42 U.S.C. § 2000e-5(f)(1) did not require that the Attorney General issue a right to sue letter, but dealt with notice of any conciliation agreement reached. The district court reviewed the objections, found them to be without merit, and again ordered the case dismissed without prejudice.

On appeal, Lambert proceeds pro se, arguing that the district court erred by dismissing his complaint and he believes that his case should be allowed to go forward. In his statement of the facts, Lambert reiterates that his supervisor demanded that he strip and wax floors, which was not a part of his duties, and if he failed to do so, it would be reflected in his evaluation. He further notes that a white supervisor permitted white students to enter the building unsupervised, but reprimanded blacks, including Lambert, for doing the same thing. Lastly, he argues that he was entitled to sick pay and that the sick leave policy was inherently discriminatory. Lambert does not make any argument regarding the First Amendment claim.[2]

---

[2] This issue is deemed waived. See Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003). Furthermore, Lambert's allegation that a white supervisor allowed white students to enter

We review de novo a district court's order granting a motion to dismiss. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004). "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1332 (11th Cir. 2000) citing 42 U.S.C. § 2000e-5. "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" Id. citing 29 C.F.R. § 1601.12(a)(3). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. "The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action." Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000).

As we have explained, "[t]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary

the building unsupervised but reprimanded Lambert and black children for doing the same thing is raised for the first time on appeal, will not be considered. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). In any event, as discussed below, none of these allegations were related to the only record evidence of charges of discrimination filed with the EEOC and, therefore, these allegations are not properly before us on that ground as well.

7

compliance and promoting conciliation efforts.'" Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted).  Thus, we have held that "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but [have] cautioned that allegations of new acts of discrimination are inappropriate."  Id. at 1279-80 (citation omitted).

The record in this case reveals two different EEOC notices of a right to sue, but only one actual charge of discrimination.  That one charge of discrimination, filed on July 12, 2002, stated that, on June 20, 2002, Lambert was suspended for one day for being disruptive, and that on or about June 22, 2002, he was transferred to a less desirable shift.  Lambert claimed that these actions were discriminatory based on his race and sex, and that he was retaliated against for filing a grievance.

Lambert's amended complaint, however, alleges that his supervisor has demanded that Lambert wax and strip floors, something not a part of his job duties, and that if Lambert fails to do so, it would be reflected in a negative evaluation. He further alleges that the sick leave policy is inherently discriminatory, and cites an incident where he called in sick, was told that he had to bring a doctor's note excusing his absence, and ended up being denied paid sick leave.

On these allegations, we conclude that the district court properly found that Lambert had failed to exhaust his remedies with the EEOC, and properly granted the state's motion to dismiss. Lambert's claim to the EEOC, that he was suspended for being disrupted and transferred to a less desirable shift on the basis of his race and gender, would not reasonably lead the EEOC to investigate whether Lambert was being forced to wax and strip floors or being denied sick leave on the basis of his race and gender. These allegations do not clarify, amplify, or more clearly focus the allegations in the original EEOC complaint, but rather are allegations of new acts of discrimination that this Court has held are inappropriate. See Gregory, 355 F.3d at 1279-80. There is no evidence in the record that Lambert raised these claims to the EEOC in a formal charge of discrimination and, therefore, Lambert improperly failed to exhaust his remedies prior to filing suit in the district court.

Accordingly, the district court did not err by dismissing Lambert's complaint without prejudice. We, therefore, affirm.

**AFFIRMED.**