[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13652
Non-Argument Calendar
_____

D.C. Docket No. 3:96-cr-00085-RV-SMN-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRITZ MAJOR,
a.k.a. Fritz Casmir,
a.k.a. James,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 20, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Fritz Major was convicted by a jury of one count of conspiring to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (b)(1)(A)(iii), and 846, and one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). The presentence investigation report initially concluded that Major was responsible for 2.7 kilograms of crack cocaine, resulting in a base offense level of 38. See United States Sentencing Guidelines § 2D.1.1(c) (Nov. 1997). A handwritten amendment to the PSI reduced that amount from 2.7 kilograms to between 1 and 1.5 kilograms, resulting in a base offense level of 36. See id. The PSI also concluded that Major was a career offender under U.S.S.G. § 4B1.1. At sentencing, the district court concluded that Major was responsible for 1 to 1.5 kilograms of crack cocaine, which would have made his base offense level 36. See id. § 2D1.1(c). But because Major was a career offender, U.S.S.G. § 4B1.1 applied, resulting in a base offense level of 37 and a criminal history category of VI. See id. § 4B1.1. The result was a guidelines range of 360 months to life imprisonment. The court sentenced Major to 364 months imprisonment.

Major filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines reduced his guidelines range. The district court denied that motion, concluding that

2

Amendment 750 did not have the effect of lowering Major's guidelines range because he was sentenced as a career offender. This is Major's appeal.

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330. While Amendment 750 reduced the base offense levels for crack cocaine offenses, it did not alter the sentencing range upon which Major's sentence was based because he was sentenced under the career offender guidelines, U.S.S.G. § 4B1.1. For that reason, Moore controls. See also United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) ("Moore remains binding precedent because it has not been overruled.").

Major also argues that the Supreme Court's decision in Dillon v. United States, 560 U.S. —, 130 S.Ct. 2683 (2010), was wrongly decided because it allows the Sentencing Commission to strip the district court of its discretion to lower his sentence based on the particular facts of his case. Right or wrong, we are bound to follow the Supreme Court's interpretation of federal law in Dillon, 130 S.Ct. at 2691, which recognized the Sentencing Commission's authority to decide in what circumstances and by what amount a prisoner's sentence may be reduced in a §

3

3582(c)(2) proceeding.  See McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004).

**AFFIRMED.**