[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13441
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20726-MGC

SHIRLEY A. DUBERRY,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shirley Duberry, proceeding pro se, appeals from the dismissal of her employment discrimination action against Patrick Donahue,[1] the Postmaster General for the United States Postal Services ("USPS").  In her complaint, Duberry raised age, race, gender, and disability discrimination claims under Title VII, 42 U.S.C. § 2000e-16, and the Rehabilitation Act of 1973, 29 U.S.C. § 794.  The district court dismissed the complaint because Duberry did not exhaust the administrative remedies for her gender and disability claims, and did not timely file her age and race discrimination claims.  On appeal, Duberry argues that she was discriminated against based on her age, race, gender, and disability.  After thorough review, we affirm.

We review de novo a district court's order granting a motion to dismiss.  See McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004).  We review de novo a district court's dismissal, under Federal Rule of Civil Procedure 12(b)(6), of a plaintiff's complaint for failure to satisfy the statute of limitations.  Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007).  We review the district court's determination that an amendment does not relate back to the original complaint for abuse of discretion, but the underlying findings of fact are reviewed for clear error.  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

---

[1] Donahue has been replaced by Megan Brennan on appeal, since she was his successor in office.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  In addition, a passing reference to an issue in a party's appellate brief is insufficient to preserve that issue on appeal.  Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Federal law prohibits discrimination based on race, color, and sex with regards to employees of the federal government, including the USPS.  42 U.S.C. § 2000e-16.  Likewise, federal law prohibits employment discrimination on the basis of disability.  29 U.S.C. § 794; Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999).  However, under both Title VII and the Rehabilitation Act, a federal employee is required to pursue and exhaust her administrative remedies as a prerequisite to filing suit.  See Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). Exhaustion of administrative remedies has been characterized as a matter in abatement that should be raised in a motion to dismiss.  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (addressing the Prison Litigation Reform Act's ("PLRA") exhaustion requirements).

Upon receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), the plaintiff must bring a civil action against

3

the named respondent within 90 days by filing a complaint. 42 U.S.C. §§ 2000e-16(c), (d), 2000e-5(f)(1). An amended pleading is timely if the original pleading was timely and the amended pleading relates back to the date on which the original pleading was filed, even if the amended pleading was filed outside of the applicable statute of limitations. Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1). The critical issue in determining whether an amendment relates back to the original complaint is whether the original complaint gave the defendant notice of the claim asserted in the amendment. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).

In this case, the district court dismissed Duberry's complaint because she failed to exhaust the administrative remedies for her gender and disability claims, and she failed to timely file her age and race discrimination claims. On appeal, however, Duberry only makes passing references to timeliness and her EEOC right-to-sue letter, which is insufficient to preserve these issues. Because issues

4

not briefed on appeal are deemed abandoned, and Duberry's argument on appeal does not address the reasons the district court dismissed her complaint, we affirm.[2]

Moreover, and in any event, even assuming arguendo that Duberry did not abandon these arguments, the district court did not err in dismissing her complaint. For starters, the court properly considered documents in the record in order to rule on the exhaustion issue. See Bryant, 530 F.3d at 1374-76 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of factholding." (quotation omitted)). These documents make clear that Duberry only raised her age discrimination and racial discrimination claims before the EEOC. As a result, Duberry did not exhaust her administrative remedies regarding her gender and disability discrimination claim. Because Duberry did not exhaust those claims, they were properly dismissed.

The district court also properly dismissed Duberry's age discrimination and racial discrimination claims. Even assuming that Duberry's original complaint was filed timely, her amended complaint was well outside of the 90-day time limit. Her original complaint only discussed the contract claim, and provided no other argument or reference to discrimination. She did not move to amend her complaint

---

[2] Additionally, while Duberry references a breach of contract by USPS in her appellate brief, she also says that she is suing under a discrimination theory, and appears to be using the contract violations more as a factual basis to show that USPS acted incorrectly. Because she makes no argument that she did not abandon her contract claim or that the district court otherwise erred in implicitly disposing of it, any breach-of-contract argument has been abandoned on appeal.

to include age, race, gender, and disability discrimination -- claims based on significantly different facts from her breach-of-contract claim -- until March 2014. Since the two sets of claims do not involve all of the same conduct or occurrence, and since the original complaint did not place USPS on notice that it would be sued for age, race, gender, and disability discrimination, the district court did not abuse its discretion in concluding that Duberry's discrimination claims did not relate back to her contract claim. Therefore, the district court did not err in concluding that Duberry did not meet the 90-day time limit.

**AFFIRMED**.